I dissent from the majority's holding in part III of its opinion that the accused does not have a right to a hearing, outside the presence of the jury, on a motion to suppress *Page 947 
his alleged incriminating statements. It is crystal clear from the record that the appellant was forced to proceed in front of the jury after he requested that he be allowed to question the police officers on voir dire concerning the appellant's statement. Let us hope that the majority merely overlooked the following:
 "Mr. Alexander [prosecutor]: Your Honor, we would move to admit State's Exhibit No. 1 and 2.
 "Mr. Teague [defense counsel]: We'll object at this time, your Honor.
"The Court: Object to one and two?
 "Mr. Teague: To both of them. And I have an additional — I would like to take him on voir dire and also probably have a motion outside the presence of the jury.
 "The Court: You want to state some grounds for your objection?
 "Mr. Teague: Yes, sir. It's not voluntary and knowing and also based upon prosecutorial misconduct in that I have not been given all the evidence in this case.
"The Court: Do you want him on voir dire?
"Mr. Teague: Yes, sir.
"The Court: On what part?
"Mr. Teague: On both of them.
"The Court: On the voluntariness?
 "Mr. Teague: The voluntary and knowing waiver as well as the prosecutorial misconduct.
 "The Court: Well, I will let you have him on voir dire."
(Emphasis added.)
The court violated the appellant's rights by not removing the jury before it held the hearing on the motion to suppress. By listening to the motion hearing, the jury already knew all of the circumstances surrounding challenged material. This case will set a bad precedent.